SILVERMAN, Circuit Judge,
with whom Judge TALLMAN joins, concurring:
George Gobel once said that he sometimes feels like the whole world is a tuxedo and he, a pair of brown shoes. That must be how Judge Burns feels when the AUSA and defense counsel jointly and routinely present for his approval plea agreements containing fact-based sentencing inducements before the facts are even known. When Judge Burns refuses to rubber-stamp these agreements, counsel balk. Who does he think he is? Doesn’t he understand that he’s messing up the plea bargaining process? As the appellant’s opening brief puts it, “The district court abused its discretion by failing to apply the minor-role adjustment when both parties recommended the adjustment.” A.O.B. at 16. Never mind that the district judge is obligated — not just encouraged but obligated — to accurately calculate the sentencing guidelines no matter what the parties would like it to be. Once the guidelines have been calculated correctly, a district judge is then free to deviate from them for good cause, which is exactly what Judge Burns did here, in the defendant’s favor, no less.
I completely agree with my colleagues that no matter how eagerly both counsel sought to get rid of this case by way of plea agreement, Judge Burns was well within his discretion in ruling that this defendant was not shown to be entitled to a minor-role adjustment. Other reductions, yes, but not that one. The majority opinion, which I fully join, explains why.
Sentencing is solely the responsibility of the judge. Like the little boy who tells the emperor he’s not wearing any clothes, Judge Burns can hardly be faulted for telling the parties that their boilerplate factual findings lack a basis in fact.